## Pinto Unemployment Compensation Case.

Argued March 22, 1951. Before RHODES, P. J., HIRT, RENO, ROSS, ARNOLD and GUNTHER, JJ. (DITHRICH, J., absent).

*Joshua Eilberg,* with him *David N. Feldman,* for appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Charles J. Margiotti,* Attorney General and *Bruce E. Cooper,* for appellee.

PER CURIAM, April 10, 1951:

Appellant was denied unemployment compensation by the Unemployment Compensation Board of Review which affirmed the order of disallowance of the referee. The question is whether the evidence supports the Board's finding that appellant was disqualified under section 401 (d) of the Unemployment Compensation Law of December 5, 1936, P. L. (1937) 2897, as amended, 43 PS §801(d).

Appellant was employed by Stern's, Seventh and Market Streets, Philadelphia, until December 31, 1949, when her employment was terminated by the employer. On March 15, 1950, appellant was referred to Yetta's Dress Shop as a saleswoman, and she called on the prospective employer. During the interview appellant stated that she expected to be recalled by her former employer, and that she intended to return when re-

called which would be within one or two weeks. Appellant was not hired. The Board also found that appellant, "for all intents and purposes, limited her availability to the extent of rendering herself practically unemployable, . . . ," and concluded that she "was not available for suitable work within the meaning of the aforementioned section 401 (d) of the law."

Obviously the condition which appellant attached to her acceptance of work rendered herself unavailable for suitable work. Appellant was told that the prospective employer desired to hire "a girl that will work steady." Such limitation that she would only work until she went back to Stern's within one or two weeks rendered her unavailable for work unless it appears that there was a reasonable opportunity for securing such work for such a limited duration in the vicinity in which she lived. See *Sturdevant Unemployment Compensation Case,* 158 Pa. Superior Ct. 548, 561, 45 A. 2d 898. A claimant is required at all times to be ready, able, and willing to accept suitable employment, temporary or full time. *Mattey Unemployment Compensation Case,* 164 Pa. Superior Ct. 36, 41, 63 A. 2d 429. But one may render himself unavailable for work by conditions and limitations as to employment. Willingness to be employed conditionally does not necessarily meet the test of availability. The determination of availability is largely a question of fact for the Board.

The findings of the Board are supported by the evidence and are binding upon us. *Weiland Unemployment Compensation Case,* 167 Pa. Superior Ct. 554, 76 A. 2d 457.

Decision is affirmed.