## Bernotas Unemployment Compensation Case.

Argued March 17, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT and ERVIN, JJ.

*William L. Hammond,* Special Deputy Attorney General, with him *Frank F. Truscott,* Attorney General, for appellee.

*E. Mac Troutman* and *Penrose Hertzler* filed a brief for intervenor, appellee.

OPINION BY ROSS, J., July 13, 1954:

In this unemployment compensation case the compensation authorities denied benefits to claimant, John Bernotas, under section 401(d) of the Unemployment Compensation Law, 43 PS sec. 801(d), and from that decision denying benefits claimant appealed to this Court.

The claimant, 61 years of age, for a number of years prior had been employed as a miner by the Philadelphia & Reading Coal & Iron Company but left that employment on March 31, 1952 because of lack of work of the kind that he was able to perform. He testified: "I wasn't able to do the work I was doing. I ask for lighter work, they didn't have it." Following his separation from the employ of the Coal & Iron Company, claimant was paid unemployment compensation benefits for 26 weeks, exhausting the benefits to which he was entitled in that benefit year. The instant appeal followed claimant's application for benefits in a second benefit year.

By registering for work a claimant makes out a prima facie case of availability, which is, however, rebuttable by countervailing evidence. *Sturdevant Unemployment Compensation Case,* 158 Pa. Superior Ct. 548, 45 A. 2d 898; *Hassey Unemployment Compensation Case,* 162 Pa. Superior Ct. 14, 56 A. 2d 400;

*Martin Unemployment Case,* 174 Pa. Superior Ct. 412, 101 A. 2d 421.

The hearing on the present application for benefits was held on June 12, 1953, and claimant at that time had not worked since March 31, 1952. In that period he had made only one attempt to secure employment. He saw a man he identified as "Freddy", a "committeeman", at the Otto Colliery and was promised a job "when there is an opening". Claimant made no other attempt to find work because: "It is useless. After 45 you are done. They don't want you." Claimant stated that he couldn't do heavy work but would accept "light work" if the job paid "Close to $200.00 a month . . ."

Good faith involves conduct which is consistent with a genuine desire to work and be self-supporting. *Brilhart Unemployment Compensation Case,* 159 Pa. Superior Ct. 567, 49 A. 2d 260. Claimant's passive attitude relative to seeking employment was indicative of want of good faith and would negative any conclusion that he was willing to accept suitable work. Furthermore, one may render himself unavailable for work by conditions and limitations as to employment. *Pinto Unemployment Compensation Case,* 168 Pa. Superior Ct. 540, 79 A. 2d 802. Here claimant has attached a restriction on his availability for work which seriously limits his possibilities for employment. He stated that he must make "close to $200.00 a month" for performing "light work" in a locality where "After you are 45 you are done".

We agree with the conclusion of the compensation authorities that claimant was not available for work within the provisions of section 401(d) of the act.

Decision affirmed.