## Stratton Unemployment Compensation Case.

598

Submitted October 4, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, and ERVIN, JJ. (WOODSIDE, J., absent).

*W. Justin Carter, Jr.,* for appellant.

*Sydney Reuben,* Special Deputy Attorney General, with him *Herbert B. Cohen,* Attorney General, for appellee.

OPINION BY ERVIN, J., November 16, 1955:

In this unemployment compensation case the bureau held claimant ineligible for unemployment compensation benefits because she was not able and available for suitable work and because she refused to accept suitable work under §§401(d) and 402(a) of the Unemployment Compensation Law of 1936, as amended by the Act of August 24, 1953, P. L. 1397, §4, 43 PS §§801(d) and 802(a). The claimant appealed and, after a hearing, the referee affirmed the bureau's disallowance of benefits but modified the bureau's decision by limiting the disqualification to §401(d) of the Law. Upon claimant's appeal to the Unemployment Compensation Board of Review, the board adopted the

referee's findings and conclusions, and affirmed his decision.

The claimant, 62 years of age, was employed as a pastry baker at the Hotel Penn Company, Incorporated, York, Pennsylvania, for a period of approximately one year and six months prior to December 27, 1953, her last day of work. Claimant discontinued her employment because of illness. She was hospitalized for a short period of time and after her discharge from the hospital she remained at home to recuperate. When claimant sought to return to her employment on February 23, 1954 her position as pastry baker was available but she declined to accept reemployment when her request for an assistant on the job was refused by her employer. Claimant thereupon filed an application for benefits in which she stated she was unemployed because of "Sickness—when she returned there was no work." The statement of the employer concerning claimant's unemployment was that "Claimant was ill and hospitalized for a long time. When she returned she asked for an assistant on her job. Would not accept employment otherwise. This job does not require two people. Her request for an assistant was refused."

Section 401(d) of the Unemployment Compensation Law of 1936, as amended, 43 PS §801(d), requires as a qualification for the securing of compensation that the employe "(d) Is able to work and available for suitable work: . . . ."

Availability for work requires that a claimant be actually and currently attached to the labor force. *Rabinowitz Unemployment Compensation Case,* 177 Pa. Superior Ct. 236, 110 A. 2d 792. In the instant case, the claimant, in a statement submitted to the compensation authorities, admitted that her sickness was caused by her work. She stated: ". . . it was too much for one person." She also stated that doctors told

her a nerve and muscle in her arm were affected by the work she was doing. Furthermore, a physical capacities report obtained by the local office of the bureau from claimant's personal physician, Dr. P. K. Hobbs, indicated claimant's physical condition would be "limited indefinitely" for any heavy work, and contained a suggestion by the doctor that claimant not work for a period of several months. This evidence clearly supports the finding of the referee, adopted by the board, that claimant, on February 23, 1954, had not fully recovered to enable her to report back for work. Findings of the board which are supported by substantial competent evidence are binding on us. *Carpenter Unemployment Compensation Case*, 178 Pa. Superior Ct. 639, 115 A. 2d 901. Moreover, if it be assumed she was physically able to resume her work claimant's refusal to accept employment unless she was given an assistant would, in itself, render claimant unavailable for work and thus disqualify her from receiving benefits. One may render herself unavailable for work by conditions and limitations as to employment. *Pinto Unemployment Compensation Case*, 168 Pa. Superior Ct. 540, 79 A. 2d 802; *Bernotas Unemployment Compensation Case*, 175 Pa. Superior Ct. 437, 106 A. 2d 638. Obviously the willingness of employe to be employed only if she was given an assistant on a job which did not require two persons does not meet the test of availability.

We agree with the conclusion of the compensation authorities that claimant was not available for work within the provisions of §401 (d) of the act.

Decision affirmed.