Rex Unemployment Compensation Case.

Argued March 19, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ. (WATKINS, J., absent).

*Carrie Rex,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *Thomas D. McBride,* Attorney General, for appellee.

OPINION BY GUNTHER, J., June 11, 1957:

Claimant, Carrie Rex, was last employed on March 1, 1956 by the Lehigh Spinning Company in Allentown, Pa., as a finisher at the hourly rate of $1.37 for day work and a higher rate when she worked on the night shift. On that day she was laid off due to lack of work. On May 10, 1956, after filing for her ninth consecutive week of compensation benefits, she was referred by the local bureau to Matte Dress Company in the same city as a laborer in the garment industry to do general floor work, hand out bundles, collect work, etc., at a beginning hourly rate of $1.00. On May 11, 1956, claimant reported to the prospective employer for an interview and was informed that she would be called for work on May 14, 1956. The day after the interview, claimant talked to her former employer and she was informed that she would be called back in approximately three or four weeks. The day before claimant was to report to her new employer, she informed the Matte Dress Company that she would work for a limited time but that as soon as her former employer would call her back, she would leave her new employment. As a result of this conversation, claimant was not hired and she remained idle until June 14, 1956, when she was recalled to her former employment.

On June 1, 1956, the Bureau issued a decision denying benefits on the ground that the claimant failed to

accept suitable employment and was not available for work within the meaning of sections 402 (a) and 401 (d) of the Unemployment Compensation Law, 43 P.S. 802 (a) and 801 (d). The Board of Review found that the proffered work represented more than a twenty-five per cent reduction in claimant's wage standard and concluded that the referral offer was not for "suitable work" and ruled that the claimant was not disqualified for benefits under the provisions of section 402 (a) of the Law. However, it did rule that since claimant stated she would accept the job for a limited time only, until her old job again became available, the claimant was not generally attached to the labor market, was not available for suitable work and has not met the requirements of section 401 (d) of the Law.

The ruling was correct. Claimant, by limiting her willingness to work only to the time when she would be recalled by her former employer so restricted her availability for work as to render herself unavailable and, in effect, detached herself from the labor market. This appeal is controlled by our decision in *Pinto Unemployment Compensation Case,* 168 Pa. Superior Ct. 540, 79 A. 2d 802. We there stated that one may render himself unavailable for work by conditions and limitations as to employment, and that willingness to work conditionally does not necessarily meet the test of availability. See also *Stratton Unemployment Compensation Case,* 179 Pa. Superior Ct. 597, 117 A. 2d 807. Availability for work requires that a claimant be actually and currently attached to the labor force. *Rabinowitz Unemployment Compensation Case,* 177 Pa. Superior Ct. 236, 110 A. 2d 792.

The ruling of the Board is affirmed.