## Lovich Unemployment Compensation Case.

Argued April 14, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*George Lovich,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for appellee.

OPINION BY HIRT, J., June 10, 1959:

During the period with which we are concerned claimant was attending a State Teachers College at California, Pennsylvania. He was a regular student and his daily schedule of classes was from 8 a.m. to 2:20 p.m.; there was no night school. He was last employed at Monessen by Pittsburgh Steel Company. After six months of continuous service he was laid off on June 28, 1958, due to lack of work. The Board of Review in affirming the referee properly denied benefits under 401(d) of the Unemployment Compensation Law, 43 PS §801(d).

It was not contemplated by the Law that a claimant limit his availability for employment to a shift that did not conflict with his school schedule. Commendable as claimant's determination to get a schooling may be, it was for him to find the means of getting instruction during hours that did not conflict with every available work shift.

There was no factual dispute in this case, and the board found that "Employment possibilities that would correspond to the hours the claimant is available for work are practically non-existent in the local area." By restricting his availability to night work, only, claimant detached himself from the labor market. *Squires Unempl. Compensation Case,* 172 Pa. Superior

Ct. 424, 94 A. 2d 172. One may render himself unavailable for work by conditions and limitations imposed by him. *Pinto Unempl. Compensation Case,* 168 Pa. Superior Ct. 540, 79 A. 2d 802; *Bernotas Unempl. Compensation Case,* 175 Pa. Superior Ct. 437, 106 A. 2d 638.

Decision affirmed.