## Bates Unemployment Compensation Case.

Argued November 10, 1959. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P. J., absent).

*Martin W. Bates,* appellant, in propria persona, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for appellee.

OPINION BY WATKINS, J., December 17, 1959:

In this unemployment compensation case the appellant, Martin W. Bates, was a student at California State Teachers College, California, Pa. He was a full-time student attending school five days a week. He was last employed by Michael Baker, Jr., Inc., Roches-

ter, Pennsylvania. He was laid off March 7, 1958. The Bureau, the Referee and the Board all concluded that he failed to meet the availability requirements of Section 401(d) of the Unemployment Compensation Law, 43 PS 801(d).

The referee made the following findings: "3. Claimant is only available for work after his school classes and job opportunities for these hours are practically non-existent in claimant's labor market area."; and "4. California State Teachers College has no night classes and students cannot change their schedules to be available for work on the first or daylight shift."

In an almost identical factual situation, we held, "It was not contemplated by the Law that a claimant limit his availability for employment to a shift that did not conflict with his school schedule. Commendable as claimant's determination to get a schooling may be, it was for him to find the means of getting instruction during hours that did not conflict with every available work shift.

"There was no factual dispute in this case, and the board found that 'Employment possibilities that would correspond to the hours the claimant is available for work are practically non-existent in the local area.' By restricting his availability to night work, only, claimant detached himself from the labor market." *Lovich Unempl. Compensation Case,* 189 Pa. Superior Ct. 529, 530, 151 A. 2d 647 (1959).

It is true that the claimant made a statement that he would give up his schooling if he were offered a job but he added, "provided of course that the job be one for which I am trained and also, provided that the salary and other job conditions would be satisfactory." He admitted that he had not applied for or sought a job since attending school so that his contention that he was willing to give up his schooling, if offered a job, lacks the essential element of good faith. One may

render himself unavailable for work by conditions and limitations imposed by him. *Bernotas Unempl. Comp. Case,* 175 Pa. Superior Ct. 437, 106 A. 2d 638 (1954); *Lovich Unempl. Compensation Case,* supra.

Decision affirmed.