## Collins Unemployment Compensation Case.

Argued November 10, 1959. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P. J., absent).

*Charles F. Collins*, appellant, in propria persona.

*Sydney Reuben*, Assistant Attorney General, with him *Anne X. Alpern*, Attorney General, for appellee.

OPINION BY WATKINS, J., December 17, 1959:

In this unemployment compensation case the claimant, Charles F. Collins, 20 years of age, was discharged from the Armed Service on September 22, 1958. He attended Penn State University for one semester and then enrolled as a part time student at the University of Youngstown, Youngstown, Ohio in February 1959.

He commuted from his home in New Castle, Pa., to school and attended classes during the following hours at the time his claim was pending: On Monday and Wednesday from 5:30 to 7:00 p.m.; on Tuesday and Thursday from 9:30 to 11:00 a.m., and from 5:30 to 7:00 p.m., and on Friday from 7:00 to 9:00 p.m. He filed his application for benefits on January 6, 1959, and indicated to the Bureau that he was available for work after his school classes, or after 12 noon and on week-ends. The record shows that job opportunities for the type of work to meet his requirements are practically non-existent in his labor market area and that industrial job opportunities are not available unless the applicant can work rotating shifts.

The Bureau denied benefits on the ground that he failed to meet the availability requirements of Section 401(d) of the Unemployment Compensation Law, 43 PS 801(d). The referee reversed the bureau's finding that he could arrange his schedule or forego his schooling and so be available for employment. The board reversed the referee, vacating his findings of fact and found that he was not available. The board is the ultimate fact finding body. *Anetakis v. The Salvation Army*, 191 Pa. Superior Ct. 268, 156 A. 2d 590 (1959). The determination of availability is largely a question of fact for the board. *Pinto Unemployment Compensation Case*, 168 Pa. Superior Ct. 540, 79 A. 2d 802 (1951).

Although he indicated he would change his school hours, or if necessary, discontinue some of his classes, if offered a job, when asked by the referee, "Q. Would you quit school if you were offered full-time work?", he answered, "A. Well, I would quit if the job was good enough, but if there was any way for me to continue to go to school and work I would do it."

In almost identical factual situations we held, that benefits were properly denied under Section 401(d) of

the Unemployment Compensation Law where it appeared that claimant was a regular student at a college while he was employed after school hours; and that the board found that employment possibilities that would correspond to the hours that claimant was available for work were practically non-existent in the area. "One may render himself unavailable for work by conditions and limitations imposed by him." *Lovich Unempl. Compensation Case,* 189 Pa. Superior Ct. 529, 530, 151 A. 2d 647 (1959); *Bates Unemployment Compensation Case,* 191 Pa. Superior Ct. 266, 156 A. 2d 589 (1959).

Decision affirmed.