## Gulbin Unemployment Compensation Case.

Argued March 8, 1960. Before RHODES, P. J., WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ. (GUNTHER, J., absent).

*Ulric J. McHale*, for appellant.

*Sydney Reuben*, Assistant Attorney General, with him *Anne X. Alpern*, Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY ERVIN, J., March 24, 1960:

In this unemployment compensation case the claimant, John G. Gulbin, now 24 years of age, was discharged from the United States Coast Guard on September 6, 1957. He subsequently enrolled as a student at the University of Scranton, Scranton, Pennsylvania, and on June 5, 1959 completed his sophomore year. On June 7, 1959 he filed an application for unemployment compensation benefits pursuant to the agreement entered into between the Secretary of Labor of the United

States and the Pennsylvania Bureau of Employment Security under the provisions of the Veterans' Readjustment Assistance Act of 1952 (Public Law 550, 82d Congress). A continued claim for the week ending June 12, 1959 was also filed. During the claim weeks at issue the claimant was on summer vacation and on September 14, 1959 he returned to school to start his junior year. Claimant never had a prior work history and his primary objective since being discharged from the armed services has been to attend college and to obtain an education. The bureau denied benefits on the ground that claimant was not able to work and available for suitable work under the provisions of §401(d) of the Unemployment Compensation Law, 43 PS §801(d). The referee on appeal reversed the bureau's decision and allowed benefits. The Board of Review, in turn, reversed the referee and denied benefits under the provisions of §401(d) of the law. The claimant then appealed to this Court.

In *Pinto Unemployment Compensation Case*, 168 Pa. Superior Ct. 540, 79 A. 2d 802, we said that ". . . one may render himself unavailable for work by conditions and limitations as to employment. Willingness to be employed conditionally does not necessarily meet the test of availability. The determination of availability is largely a question of fact for the Board." See also: *Bernotas Unemployment Compensation Case*, 175 Pa. Superior Ct. 437, 106 A. 2d 638; *Stratton Unemployment Compensation Case*, 179 Pa. Superior Ct. 597, 117 A. 2d 807.

Availability for work requires that a claimant should be actively and currently attached to the labor force: *Rabinowitz Unemployment Compensation Case*, 177 Pa. Superior Ct. 236, 110 A. 2d 792; *Lovich Unemployment Compensation Case*, 189 Pa. Superior Ct. 529, 151 A. 2d 647; *Bates Unemployment Compensation*

649

*Case,* 191 Pa. Superior Ct. 266, 156 A. 2d 589; *Collins Unemployment Compensation Case,* 191 Pa. Superior Ct. 273, 156 A. 2d 593.

Appellant argues that since he was on summer vacation he was able and available for work during that period of time. He never intended, however, to become realistically attached to the labor market. His primary objective was to obtain a college education. Making oneself available for work for short periods of time, under the circumstances of this case, is not sufficient to make the appellant genuinely attached to the labor market. By his own testimony he revealed the lack of employment opportunities, under the time limitation imposed, in the area in which he lived. He had applied for work at a number of places in that community and failed to secure employment. Certainly the legislature never intended to subsidize a college education by payments under the Unemployment Compensation Law. To permit this to happen would be subversive of the real purpose and intent of the law. We therefore hold that he was unavailable within the meaning of §401.(d) of the law and must be deemed removed from the bona fide active labor market.

Decision affirmed.