Majoris Unemployment Compensation Case.

Argued April 14, 1960.  Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Thomas J. Kalman,* and *Kalman and Votilla,* for appellant, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY GUNTHER, J., June 15, 1960:

Claimant, Joseph E. Majoris, Jr., has appealed from the decision of the Board of Review which denied unemployment compensation benefits because he has

not met the requirements of section 401(d) of the Unemployment Compensation Law, 43 P.S. section 801(d).

Claimant was last employed for a brief period by Vantine's Cleaners of Monongahela, Pennsylvania, as a truck driver at a weekly salary of ten dollars per week plus commissions. On January 7, 1955, he had a valid separation from his employment, and on January 31, 1955, claimant entered the military service of the United States where he served until January 30, 1959. On January 31, 1959, he received his honorable discharge, and while on terminal leave, he filed his application for unemployment compensation on February 3, 1959. He filed a waiting week claim for the week ending February 26, 1959 and a continued claim for the week ending April 23, 1959.

On April 17, 1959, claimant enrolled as a student at the Uniontown Technician Training School for an electrical course, and he attended school from 8:00 A.M. to 2:00 P.M. five days a week. Upon learning this, the Bureau of Employment Security disallowed claimant's application for benefits. This action was affirmed by the Referee and the Board of Review.

Section 401(d) of the Unemployment Compensation Law requires, as a condition for securing compensation, that a claimant be able to work and be available for suitable work. While claimant indicated that he was willing to shift his day classes to evening classes had work been offered to work the regular day shift hours, a willingness to be employed conditionally does not meet the test of availability. The determination of availability is largely a question of fact for the Board. *Pinto Unemployment Compensation Case,* 168 Pa. Superior Ct. 540, 79 A. 2d 802; *Stratton Unemployment Compensation Case,* 179 Pa. Superior Ct. 597, 117 A. 2d 807. Assuming that claimant could change his school schedule to be available for a regular or or-

dinary day-time work shift, it does not follow that he would have been available for changing shifts which are so common today. Thus, in one week, claimant may be required to work a morning shift, and the following week, he may be required to work an afternoon or night shift.

As stated in *Lovich Unemployment Compensation Case,* 189 Pa. Superior Ct. 529, 151 A. 2d 647: "It was not contemplated by the Law that a claimant limit his availability for employment to a shift that did not conflict with his school schedule. Commendable as claimant's determination to get schooling may be, it was for him to find the means of getting instruction during hours that did not conflict with every available work shift." By restricting his availability to day work only, claimant detached himself from the labor market. *Lovich Unemployment Compensation Case,* supra; *Squires Unemployment Compensation Case,* 172 Pa. Superior Ct. 424, 94 A. 2d 172. Availability for work requires that a claimant be actually and currently attached to the labor force. *Collins Unemployment Compensation Case,* 191 Pa. Superior Ct. 273, 156 A. 2d 593; *Bates Unemployment Compensation Case,* 191 Pa. Superior Ct. 266, 156 A. 2d 589.

The purpose of the Unemployment Compensation Law was to relieve the economic hardships of sudden unemployment and provide temporary assistance in meeting, in part, the continuing economic burdens which go on regardless of unemployment. The legislature never intended to subsidize the expenses of education by making available the funds created under the Unemployment Compensation Law. *Gulbin Unemployment Compensation Case,* 191 Pa. Superior Ct. 646, 159 A. 2d 37.

Under the circumstances here involved, we hold that the claimant was unavailable for work within the mean-

ing of section 401(d) of the Unemployment Compensation Law.

Decision affirmed.