## Baker Unemployment Compensation Case.

Argued September 15, 1960. Before GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ. (RHODES, P. J., absent).

*Irwin N. Rosenzweig,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY ERVIN, J., November 16, 1960:

In this unemployment compensation case the claimant was refused benefits by the bureau, the referee and the board for two reasons, (1) because she voluntarily terminated her employment without cause of a necessitous and compelling nature and was disqualified from receiving benefits under the provisions of §402(b) of the law, and (2) because she would accept a job only until recalled by her former employer and therefore she was not genuinely attached to the labor market and was disqualified from receiving benefits under the provisions of §401(d) of the law.

Since we have determined that the decision of the board must be affirmed because of the provisions of §401(d) rather than §402(b), we will consider only the provisions of §401(d).

Section 401(d) of the Unemployment Compensation Law, 43 PS §801(d), requires as a qualification for the securing of compensation that the claimant be "able to work and available for suitable work; . . ."

In the *Pinto Unemployment Compensation Case,* 168 Pa. Superior Ct. 540, 79 A. 2d 802, we stated that "one may render himself unavailable for work by conditions and limitations as to employment. Willingness to be employed conditionally does not necessarily meet the test of availability. The determination of availability is largely a question of fact for the Board." See also *Bernotas Unemployment Compensation Case,* 175 Pa. Superior Ct. 437, 106 A. 2d 638; *Stratton Unemployment Compensation Case,* 179 Pa. Superior Ct. 597, 117 A. 2d 807.

Availability for work requires that a claimant should actually and currently be attached to the labor force: *Rabinowitz Unemployment Compensation Case,* 177 Pa. Superior Ct. 236, 110 A. 2d 792.

The board found as facts: "4. While employed by Gimbel Brothers the claimant was offered permanent employment. She indicated to the employer that she could not accept permanent employment inasmuch as she was expecting a recall by her former employer.

"5. At the time the claimant was offered permanent work, she had no definite date of recall to her former employer."

The above findings of fact are amply sustained by competent and substantial evidence and are binding upon us: *Davis Unemployment Compensation Case,* 187 Pa. Superior Ct. 116, 144 A. 2d 452.

Mrs. Fairweather, personnel director for Gimbel's, testified: "The claimant was offered a full time job which was offered by Mr. Taub and asked by Mr. Flanders if she would continue after Christmas. She said she would continue just until she was called back to SKF." She also testified: "She was asked to work

the day before Christmas, she did not do it. She was offered a full time permanent position but when she said she would come back only until SKF would call her back. Personnel said she was definitely not the kind of person, you may walk out in one or two week's time, it was too indefinite to spend money on training."

The claimant's signed statement given to the bureau after she filed her claim for unemployment compensation states: "I also said I would stay at Gimbels until I am called back at my job with SKF."

The record further discloses that the appellant did not have any definite date of recall. Under these circumstances, appellant's attitude was indicative of a want of good faith and placed such a restriction on her availability as to render her "unavailable" within the meaning of §401(d) of the law and, therefore, detached from the active labor market.

Counsel for appellant cites the *Wolovich Unemployment Compensation Case*, 169 Pa. Superior Ct. 356, 82 A. 2d 64, as authority for the proposition that "where an employee is referred to a position which pays a wage materially lower than the wage last earned, the employee may be justified in refusing such a referral while seeking employment at a rate of pay more commensurate with his previously demonstrated earning capacity." In the *Wolovich* case, however, we held that the disparity in wages between the last employment of the claimant and his proffered employment was no justification for the claimant's refusing the job offered to him. Furthermore, the present case is not a reference case but one in which the claimant could have continued in permanent employment had she desired to do so. It should also be noted that the claimant had been employed for only four and one-half months at SKF.

Decision affirmed.