## Douty Unemployment Compensation Case.

Argued November 15, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Robert A. Cohen,* with him *Goldstock, Schwartz & Schwartz,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY ERVIN, J., December 14, 1960:

In this unemployment compensation case the claimant, Arthur L. Douty, Jr., 31 years of age, a married man with three children, who had been a full-time employee for approximately 12 years at the Great A. & P. Tea Company, was laid off on November 6, 1959, due to lack of work. At that time he was in his senior

year as a full-time day student at the University of Pittsburgh. He had successfully completed his freshman, sophomore and junior years while working for A. & P. full time.

On November 7, 1959 Douty filed his claim for unemployment compensation. The bureau denied benefits to the claimant on the ground that he failed to meet the availability requirements of §401(d) of the law, 43 PS §801(d). The referee reversed the bureau. The board reversed the referee and denied benefits.

This appeal involves the same issue that we have decided in a number of recent cases: *Lovich Unemployment Compensation Case,* 189 Pa. Superior Ct. 529, 151 A. 2d 647; *Bates Unemployment Compensation Case,* 191 Pa. Superior Ct. 266, 156 A. 2d 589; *Collins Unemployment Compensation Case,* 191 Pa. Superior Ct. 273, 156 A. 2d 593; *Gulbin Unemployment Compensation Case,* 191 Pa. Superior Ct. 646, 159 A. 2d 37.

Claimant argues, however, that his school curriculum is so flexible that he can shift from day to night classes if he is referred to a daytime job, and therefore he should be considered available for full-time employment. This change in class time may be available, but we doubt that the appellant, if referred to a job that requires the employee to rotate shifts, i.e., day shift a certain number of weeks, and then night shift for the same number of weeks, would be able to accept that type of job. It hardly seems likely that any college or university would permit a student to alternate successively from day to night classes and night to day classes to conform to a rotating shift, if such a job is offered to him.

In addition, the claimant, upon his being laid off from work, stepped up his class schedule and increased the number of credit hours that he had been carrying. His testimony on that point, given to the referee, is as

follows: "Q. And you still could work such a schedule out with the University? A. Yes, 15 credits is full time. This semester, in my junior year, I carried 20 credits and worked full time and this semester I am carrying—this was because of the circumstances of being laid off, I felt I wanted to get finished as quickly as possible—so this semester I'm carrying 24 credits and now the grades in my subjects are 6 A's and 2 B's."

Thus, it seems quite clear from the claimant's own testimony that his primary purpose was to get an education. Certainly he would not have increased his class schedule, after being laid off, if he was primarily concerned about getting other employment. His desire to complete his schooling "and get finished as quickly as possible" was his paramount aim, and employment and its attendant problems appear to have been a secondary consideration.

The law has been clearly set forth in our recent decisions above referred to and we deem it unnecessary to repeat it here.

Decision affirmed.

———

DISSENTING OPINION BY WRIGHT, J.:

I cannot agree that this appeal "involves the same issue that we have decided in a number of recent cases". Appellant had been a full-time employe for twelve years. He was laid off because of lack of work. Although employed full time, he succeeded in completing three years schooling at the University of Pittsburgh, and is now in his fourth year. He should not be penalized merely because he has the commendable desire, in keeping with the great American tradition, to further his education by attending classes during hours which do not interfere with his job. His family re-

sponsibilities make full-time employment primary, and education secondary.

The record discloses that appellant informed the Referee that he was prepared to accept any full-time job, whether day or night and whatever the hours; further that, should such employment entirely prevent his attendance at classes, he stood ready and willing to forego his education for that period of time. Under these circumstances, and in the absence of proof that appellant refused suitable work, he should not be denied benefits.