WALTER A. SAMSON *v.* ADMINISTRATOR,
UNEMPLOYMENT COMPENSATION ACT

SUPERIOR COURT     HARTFORD COUNTY     FILE NO. 171938

Memorandum filed November 16, 1971

*Walter A. Samson,* pro se, the plaintiff.

*Robert K. Killian,* attorney general, and *Thomas J. Daley,* assistant attorney general, for the defendant.

RUBINOW, J. On July 23, 1971, the unemployment commissioner for the first district found, so far as here relevant, that the plaintiff had been making $125 per week in his previous employment; that he had received forty-seven unemployment compensation checks through the week ending April 3, 1971; that his benefit rate was $63 per week; and that "at all times in issue" from April 4, 1971, through July 21, 1971, he "unduly restricted his availability in the labor market upon an unwillingness to accept any job that paid less than $100 per week, despite the fact that there are jobs in the labor area that he could do that pay substantially less than that sum." The commissioner concluded that, in view of the finding that the plaintiff had restricted his avail-

ability, the administrator had correctly declared the plaintiff "ineligible for benefits for an indefinite period commencing April 4, 1971."

On August 2, 1971, the plaintiff filed an appeal from the commissioner's decision. The only stated "grounds" for the appeal are that the commissioner acted arbitrarily, illegally, or in the abuse of his discretion in denying benefits to the plaintiff. Whether this general claim of law complies with the mandate in General Statutes § 31-249 that the appeal shall "state the grounds on which a review is sought" is a question which does not have to be decided, since the administrator has not questioned the sufficiency of the appeal papers and, further, the policy of this state favors giving an unemployment compensation claimant a day in court even though he has not fully complied with procedural rules. General Statutes § 31-244; *Derench* v. *Administrator,* 141 Conn. 321, 325.

The plaintiff did not file a motion to correct the finding (Practice Book §§ 438, 445), and, accordingly, no transcript of evidence has been filed by the commissioner. Therefore, the essential question presented on the record in this appeal is whether the commissioner could reasonably conclude that the plaintiff was ineligible for benefits on the ground that he was not available for work.

To be eligible for unemployment benefits, an unemployed person must show, inter alia, that he is "available for work" during any week with respect to which he claims benefits. General Statutes § 31-235. The phrase "available for work" means a readiness and ability to accept "suitable employment." *Stapleton* v. *Administrator,* 142 Conn. 160, 164. The claimant has the burden of proving that he is "available for work." *Waskiewicz* v. *Egan,* 15 Conn. Sup. 286, 287.

A claimant may sustain this burden even though, as here, he restricts the type of work he is "available" for. "The mere fact that a person places certain restrictions on the type of work he is willing to accept does not, in itself, make him unavailable for work within the intent and meaning of § 31-325." *Dubkowski* v. *Administrator,* 150 Conn. 278, 281. But, restrictions that might not result in "unavailability" at the commencement of a period of unemployment may have that result after a prolonged period of it. "The longer a claimant is unemployed because of his inability to obtain work adapted to his higher skills or to skills related to them, the broader should be the field of his availability for work, and the more other jobs should be deemed suitable. Benefits are designed to help unemployed workers to maintain decent living standards in the face of unemployment, but a claimant must expect to lower his sights as lack of work continues." Id., 283. "The longer a claimant is unemployed . . . , the more he is obligated to take less desirable work and to make himself available to take it." Id., 284.

In this case, the commissioner found that the plaintiff was "unduly" restricting his availability for work by being unwilling to accept less than $100 per week after he had received unemployment compensation benefits for forty-seven weeks. A finding of the commissioner, on an appeal from his decision, is subject to a limited review by this court. "The court does not try the matter de novo. It is not its function to adjudicate questions of fact. . . . Nor may it substitute its own conclusions for those of the commissioner. . . . It may go no further than to determine whether the commissioner acted unreasonably, arbitrarily or illegally." *Lanyon* v. *Administrator,* 139 Conn. 20, 28. "The courts are bound by the findings of subordinate facts and the reasonable conclusions of fact made by the commissioner." *Bart-*

*lett* v. *Administrator,* 142 Conn. 497, 505. The conclusion of the commissioner that the plaintiff was unduly restricting his availability for work by being unwilling to accept less than $100 per week, even though he had been unable to obtain employment for forty-seven weeks, was not arbitrary or unreasonable and cannot be disturbed. See *Dubkowski* v. *Administrator,* supra, 283.

The appeal is dismissed.