### In re Gordon J. Platt

[292 A.2d 822]

No. 22-71

Present: Shangraw, C.J., Barney, Keyser and Daley, JJ., and Gibson, Supr. J.

Opinion Filed June 6, 1972

*E. J. Tyler,* St. Albans, for Plaintiff.

*James M. Jeffords,* Attorney General, and *Raymond S. Fitzpatrick,* Assistant Attorney General, for Defendant.

**Barney, J.** The plaintiff works nine, and occasionally ten, days a month each month for his employer. He had previously applied for and received unemployment compensation for the remaining two weeks of each month. The claim was reviewed in the fall of 1970, and the payments terminated. This denial was confirmed at all levels of the Department of Employment Security, including a final review before the Employment Security Board.

An appeal was taken here from that board under V.R.A.P. Rule 13(d), and three questions certified. These questions may be summarized briefly: (1) does the evidence support the find-

ings of the board; (2) do the findings support the conclusion that the plaintiff-claimant was not "unemployed" within the terms of 21 V.S.A. § 1343; and (3) do the findings support the conclusion that the plaintiff was not "available for work" within the terms of 21 V.S.A. § 1343?

The basic facts are not in serious question. The plaintiff has been employed by Northern Farms Co-operative as editor of its monthly magazine. From 1950 to 1962 this was full-time work. In 1962, for financial reasons, although he still put out the magazine for the Co-operative, his working time for doing so was cut back to nine, and occasionally ten, days, with a few extra days of service rendered during the year attending regional meetings of the organization, and supervising a booth at the Vermont Farm Show. He was paid on the basis of $25.00 a day for days worked.

The plaintiff was 78 years old in 1970, and his age is a handicap in obtaining other employment. His field is writing and promotional work, and there is a substantial amount of such work performed in the area for which the plaintiff is qualified.

Although the burden is upon the plaintiff as claimant to substantiate his claim, *Willard* v. *Unemployment Comp. Comm'n.*, 122 Vt. 398, 403, 173 A.2d 843 (1961), the standards of the Unemployment Compensation Act must be applied consistent with its purpose of removing the economic disabilities and distress resulting from involuntary unemployment. *In re Hatch,* 130 Vt. 248, 290 A.2d 180 (1972). Nevertheless, disbursement of compensatory funds can be made only within the limits imposed by the legislation and the claim must be justifiable under the unemployment compensation law. *In re Moore,* 128 Vt. 581, 586, 269 A.2d 853 (1970).

Under the circumstances of this case, the first question presented is whether or not this plaintiff is unemployed within the terms of 21 V.S.A. § 1343. This section, among other things, requires a claimant to register for work at an employment office, make efforts to secure suitable work, and make claim for benefits. It further requires that the commissioner be able to find that the claimant is able to work and is available for work.

With respect to ability to work, we determine that the age of this plaintiff has not been shown to be any sort of disquali-

fication under the facts of this case. Its relevance under the circumstances is that it tends to negate any inference from the plaintiff's failure to find other employment, and that his efforts to that end are somehow inadequate. We see nothing in the findings of the board that indicates the refusal of benefits was predicated on this plaintiff's age.

In a non-technical use of the term, the plaintiff is not "unemployed". He works, regularly, for two weeks each month, to carry out a specific task for the same employer, the publication of a trade magazine. At the end of the preparation of each issue he is not "discharged", to be "reemployed" the following month. Instead, it is plain from the facts that he has a continuing part-time job which he and his employer both expect him to perform each month. In this sense his circumstance differs from the person unemployed through discharge or lay-off with reemployment uncertain.

21 V.S.A. § 1301(9) defines unemployment in these terms:

"(A) An individual shall be deemed 'totally unemployed' in any week during which he performs no services and with respect to which no wages are earned by him;

(B) An individual shall be deemed 'partially unemployed' in any week of less than full time work if the wages earned by him with respect to such week are less than the weekly benefit amount he would be entitled to receive if totally unemployed and eligible."

The plaintiff satisfies the literal language of these definitions in the two weeks in which he does not work, if the issue of whether his situation also conforms to the general statutory purposes is not regarded.

However, to be eligible for unemployment compensation benefits, more is required. 21 V.S.A. § 1343(a) requires that a claimant (1) register and report to an employment office, (2) make a claim for benefits, and (3) be able to work and available for work. The findings in this case determine this plaintiff to be unavailable for work within the meaning of 21 V.S.A. § 1343(a)(3).

This requirement does not demand that a claimant must accept available work entirely foreign to his ability, training and experience. The work must be suitable. 21 V.S.A.

§ 1343 (a) (3). On the other hand, he cannot claim availability for work while simultaneously making his availability improperly conditional. *Nurmi* v. *Employment Security Board*, 124 Vt. 42, 197 A.2d 483 (1963). In other words, in return for its recognition that a claimant will not forfeit benefits for rejecting available employment entirely unsuited to his ability, training and experience, the law requires him to be truly unemployed and validly available for work. The plaintiff has the burden of establishing that availability. *Willard* v. *Unemployment Compensation Commission, supra*, 122 Vt. at 403.

This plaintiff directly testified that he would not consider any job other than his present employment unless it paid him more than his present part-time work. He also made it clear that he could not take on part-time work that would interfere with his existing employment. In effect, he is not an unemployed person, but an employed person in search of a better job. Such self-betterment is a proper and laudable objective, but it does not thereby qualify a claimant for benefits, or fall within the beneficent purposes of the compensatory statute. See *Bates* v. *Unemployment Compensation Board of Review*, 191 Pa. Super. 266, 156 A.2d 589, 590 (1959).

The availability for work that a claimant must demonstrate is restricted to "suitable" work, and the mere fact that a claimant places some restrictions on the type of work he is willing to accept, does not necessarily make him unavailable for work in a disqualifying sense. *Dubkowski* v. *Administrator*, 150 Conn. 278, 281, 188 A.2d 658, 660 (1963). But if the restrictions are "undue", or so conditional as to rebut the existence of availability, compensation will be denied. *Samson* v. *Administrator*, 29 Conn. Sup. 316, 284 A.2d 890, 891 (1971); *Bernotas* v. *Unemployment Compensation Board of Review*, 175 Pa. Super. 437, 106 A.2d 638, 639 (1954).

This plaintiff has placed himself in the position of refusing to consider suitable work which, within the purpose of the unemployment compensation statute, he would not have good cause to reject. Therefore, under the facts, he does not meet the test of availability for work as required by 21 V.S.A. § 1343(a)(3), and the denial of benefits was proper. *Willard* v. *Unemployment Compensation Commission, supra*, 122 Vt. at 404–05.

*The questions certified are all answered in the affirmative, and the order of the Employment Security Board is affirmed. Let the result be certified to the Employment Security Board.*