**Richard Dague v. Department of Employment Security**

[412 A.2d 706]

No. 337-78

Present: Daley, Billings and Hill, JJ., and Smith, J. (Ret.), and
Bryan, District Judge, Specially Assigned

Opinion Filed February 5, 1980

*Gretchen S. Bailey,* Vermont Legal Aid, Inc., Burlington,
for Plaintiff.

*Brooke Pearson,* Montpelier, for Defendant.

**Billings, J.** This is an appeal from a decision of the Vermont
Employment Security Board disqualifying the claimant-appel-
lant from benefits because he left his last employing unit
voluntarily without good cause attributable to the employer.
21 V.S.A. § 1344(a)(2)(A).

The claimant had worked for the Vermont Fruit and
Grocery Company for approximately one year and seven
months as a warehouseman. Originally he was assigned to the
night shift, but upon request he was reassigned to the day
shift. A month thereafter his employer requested that he re-
turn to the night shift for three weeks. At the end of that term

the claimant reported for day shift work, but was advised that he was needed on nights. He did work that day, but on the following day he advised his employer that he was ill. From that day forward he never resumed his employment.

On appeal, claimant alleges error relating to the fairness and impartiality of the hearing conducted by the appeals referee, at which claimant appeared without the representation of counsel. He claims that the appeals referee did not advise him of his right to subpoena his employer or of the implications of a medical issue that arose during the hearing. While the latter issue was the basis for the referee's decision, the Board subsequently based its decision on employment conditions and termination.

Under 21 V.S.A. § 1351 hearings are to be conducted in such manner as to ascertain the substantial rights of the parties. Rule 16(K) of the Vermont Employment Security Board reads in pertinent part as follows:

> (K) Non-Appearance of Parties, Continuances:
>
> If a party fails to appear at a hearing before the referee, he, the referee, shall nevertheless proceed with the hearing; he shall review the file and record and question any party, and other witnesses who may be present. The referee, however, must satisfy himself before he may affirm or disaffirm that there is sufficient evidence to sustain or reverse the determination. The referee may continue or reopen a hearing for good cause, and shall use his best judgment as to when a continuance or reopening of a hearing shall be granted.

Rule 16(L) of the Vermont Employment Security Board mandates the standards for the hearings and is in part as follows:

> (L) Hearing Before Referee:
>
> All hearings before a referee shall be conducted informally and in such manner as to ascertain the substantial rights of the parties. All issues relevant to the appeal shall be considered and passed upon. The claimant and/or any other interested party may present such evidence as may be pertinent. The referee may

examine or cross-examine all parties and witnesses present.

. . . .

Where a party is not represented by counsel or other agent the referee shall advise said party as to his rights, aid him in examining and cross-examining witnesses, and give him every assistance compatible with the impartial discharge of his duties as such referee.

The referee may take such additional evidence as he deems necessary; provided that where additional evidence is so taken the party shall be given an opportunity of examining, cross-examining, and refuting such evidence. An opportunity to present argument shall be afforded the parties, which argument shall be made part of the record.

In the case at bar, the appeals referee owed the claimant every assistance in presenting his case consistent with the referee's duty to impartially decide the issues. An appeals referee is not an advocate for any party. He must act as an impartial investigator determining all of the facts with respect to all of the parties involved. At the same time, he must assist the unrepresented claimant in presenting his case, but only to the point where the referee's impartiality will not be jeopardized.

From the record here, it appears that the appeals referee properly assisted the claimant, especially when the medical issue arose, by further inquiring into that issue. The appeals referee also inquired in detail as to the reason for the claimant's employment termination.

Furthermore, the claimant, who has the burden of showing lack of good cause attributable to the employer to justify terminating his employment, *In re Platt*, 130 Vt. 329, 331, 292 A.2d 822, 824 (1972), has failed to demonstrate any prejudice. He has not demonstrated what, if any, additional information or evidence he could add to the information or evidence before the appeals referee or the Board, or that the result on remand would be altered in any way. He concedes on oral argument that in view of the Board's decision and the basis thereof, the appeals referee's handling of the

health issue is not a basis for a remand. Therefore, the only prejudice claimed is that the appeals referee should have asked additional questions concerning claimant's employment termination. However, claimant has not shown any additional evidence on the issue of termination that would add to or alter the information before the appeals referee or the Board or that would change the resulting order.

*Affirmed.*