**Glennis Donahue, et al. v. Department of Employment Security**

[454 A.2d 1244]

No. 351-81

Present: **Barney, C.J., Billings, Hill, Underwood and Peck, JJ.**

Opinion Filed December 21, 1982

*James Suskin,* Montpelier, for Plaintiffs-Appellees.

*Robert J. Kurrle,* Montpelier, for Defendant-Appellant.

*Matthew R. Gould,* Montpelier, for Defendant-Appellee.

**Underwood, J.** The Vermont School Board Association Insurance Trust, Inc. [Trust], representing all of the employers, various school districts, involved in this case, appeals a decision of the Employment Security Board [Board]. The Board ruled that the claimants, all nonprofessional workers

including teachers' aides, school bus drivers, crossing guards and other positioned employees paid on an hourly basis, were entitled to unemployment benefits for the weeks ending December 29, 1979, February 23, 1980, and April 19, 1980. These three weeks constitute the traditional Christmas, mid-winter, and spring vacations observed by public schools within the State of Vermont.

As grounds for appeal the Trust contends that (1) the claimants were not unemployed within the meaning of the Unemployment Compensation Act, 21 V.S.A. ch. 17, during the vacation periods in question, and (2) the claimants were not available for work within the meaning of the Act during the vacation periods in question. We disagree and affirm.

The facts in this case are undisputed. During the weeks in question the schools were closed and the claimants did not perform any work for and did not receive any remuneration from their respective employers or others. The claimants had worked full time for their employers prior to recesses and returned to work with their same employers after each recess. The claimant's relationship with his or her employer had not been severed by these regularly scheduled vacation period recesses.

All of the claimants filed claims for unemployment benefits at their local unemployment offices for one or more of the three recess weeks involved. Before completing any required forms, each claimant was directed to go to the local Job Service office. Each claimant went in person and furnished personnel at that office with the requisite information. In addition, each claimant declared his/her availability for temporary work during each of the one-week recesses involved. In accordance with Department of Employment and Training procedures relating to individuals on temporary, short-term layoffs, complete formal registration with the Job Service was deferred in each case. By virtue of the deferral, the likelihood that any of the claimants would have been referred to a suitable job during the one-week recesses was decreased.

Thereafter, each claimant returned to his/her local unemployment compensation office and filed a claim for benefits. After completing and executing these claim forms, the claimants were issued Continued Claim Cards. As directed, the claimants completed and submitted their cards on which, and

in response to two of the questions printed thereon, they certified that they had been able to work and that they had not refused any offer of or referral to work during the week at issue.

On the basis of the information which was provided to the local unemployment compensation office personnel, all claimants either received benefits or were credited with having served the required one-week waiting period during the weeks at issue.

I.

21 V.S.A. § 1301(9)(A) deems a person to be totally unemployed in any week "during which he performs no services and with respect to which no wages are earned by him." The Trust contends that although the claimants may technically have satisfied the literal requirements of this section, they are not unemployed in regard to its general purposes. As to what exactly these general purposes might be, the Trust does not venture. We note, however, that the underlying purposes of unemployment legislation are to remove economic disabilities and distress resulting from involuntary unemployment, *In re Potvin*, 132 Vt. 14, 17, 313 A.2d 25, 27 (1973), and to assist those workers who become jobless for reasons beyond their control. *Schneider* v. *Vermont Employment Security Board*, 133 Vt. 187, 189, 333 A.2d 104, 105 (1975). Thus, since the Unemployment Compensation Act is remedial legislation, "a claimant should not be excluded from the provisions of the Act unless such an exclusion is clearly intended by law." *Wallace* v. *Department of Employment Security*, 134 Vt. 513, 514, 365 A.2d 517, 518 (1976). To adopt the Trust's position, that the claimants in the instant case are not "unemployed," would violate this principle.

Nevertheless, the Trust asserts that since the employment relationships between the claimants and their employers were not severed during the one-week layoffs and since the claimants expected to and did return to work for their employers at the end of the one-week layoffs, they should not be considered "unemployed" within the meaning of the statute. In support of its contention, the Trust cites *In re Platt*, 130 Vt. 329, 292 A.2d 822 (1972). We find, however, that *Platt* offers no support to justify the Trust's position.

In *Platt*, this Court denied unemployment benefits to a claimant who had for several years worked at employment that required services to be performed on a two weeks on, two weeks off basis. While noting that "[i]n a non-technical use of the term, the [claimant] is not 'unemployed,'" we went on to state that "[t]he [claimant] satisfies the literal language of" 21 V.S.A. § 1301(9)(A), the statute which defines the term "unemployed." *Id.* at 332, 292 A.2d at 824–25. We then concluded, however, that to be eligible for unemployment compensation benefits, more is required: 21 V.S.A. § 1343(a) requires a claimant to be available for work. *Id.* Our holding that the claimant was ineligible for benefits was based upon our conclusion that he failed to meet the availability requirement. *Id.* at 333, 292 A.2d at 825. In light of this, and in light of the fact that nowhere does the statute require that an individual be wholly unattached to any employer, we hold that each of the claimants herein was unemployed during the one-week layoffs in issue.

## II.

As a second ground of attack upon the Board's decision in this case, the Trust maintains that the claimants failed to meet the availability requirement imposed by 21 V.S.A. § 1343(a)(3), which provides, in part, that:

(a) An unemployed individual shall be eligible to receive benefits with respect to any week only if the commissioner finds that:

. . . .

(3) He is able to work, and is available for work

. . . .

We reject this argument for the following reasons.

It is well settled in this state that availability for work is prima facie established by a showing of proper registration for work. *Willard* v. *Vermont Unemployment Compensation Commission*, 122 Vt. 398, 403, 173 A.2d 843, 847 (1961). In the instant case all the claimants registered for work, and therefore the Trust concedes, as it must, that a presumption of availability arose. It argues, however, that

claimants have restricted their availability for work to such an extent that the presumption is rebutted.

The Trust is correct in stating that unreasonable restrictions placed on availability will render a claimant unavailable for work. *In re Platt, supra,* 130 Vt. at 333, 292 A.2d at 825. However, the Trust has presented no evidence with respect to the claimants on an individual basis to demonstrate that they placed unreasonable restrictions on availability. Rather, it relies simply upon the fact that the claimants, as an overall class, continued to remain attached to their former employers during the school vacation periods, possessed a definite date for returning to work, and that the school vacation periods in question were of short duration, to support its proposition that the claimants restricted their availability for work to a point where they were no longer eligible for unemployment compensation benefits.

Acceptance of the Trust's argument would require this Court to usurp the authority of the legislature. In this regard, we note that the Unemployment Compensation Act contains no general disqualification based upon the short duration of an individual's unemployment, the existence of a definite date of recall, or the existence of a continuing attachment to a specific employer. Thus, what the Trust is asking this Court to do is to interpret the availability requirement as creating a disqualification based upon these factors. To carry out the Trust's request would be an act of judicial legislation, which we will not engage in.

Had the legislature wished to disqualify workers unemployed for a brief layoff, who intended to return to work with the same employer, it could have done so.[1] Since it did not expressly exclude such unemployed workers from coverage, the requisite liberal and broad construction in favor of the distressed worker mandates rejection of the Trust's request that this Court create a "short period/intent to return"

---

[1] It should be noted that on April 22, 1982, the Governor signed into law Public Act No. 182, codified at 21 V.S.A. § 1343(d), which, effective 1982, denies unemployment compensation benefits to nonprofessional school employees during the established and customary vacation periods or holiday recesses common to school calendars.

disqualification. As such, the question of availability must, as always, be decided on a case-by-case basis.

As noted above, the Trust presented no evidence with respect to the unavailability of the claimants on an individual basis. Therefore, it failed to rebut the presumption of availability which arose from the evidence that the claimants had properly registered for work.

For the foregoing reasons we affirm the Board's holding that the claimants were entitled to unemployment benefits.

*Affirmed.*