[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT ADMINISTRATOR'S MOTION FOR JUDGMENT AS CONCERNS THE PLAINTIFF'S APPEAL
This is an appeal from the decision of the Administrator of the Unemployment Compensation Act, as affirmed by the decision of the Board of Review, determining that the Appellant David E. Beaudry received $6,365.00 in unemployment compensation benefits to which he was not entitled, and ruling that he is liable for the overpayment of these benefits. The overpayment period runs from September 23, 1995 through January 27, 1996.
The Administrator and the Board of Review had initially determined that the alleged overpayments were the result of fraud on the part of the Appellant-Claimant. This Court, Sullivan, J.
had remanded the matter to the Board of Review for further search of the record, as it appeared to the Court that the Board had overlooked the claimant's application form, (the Claimant Eligibility/Registration Form), whereby he answered "yes" to the question "are you self employed or in business of any kind?", and he answered "yes" to the question "are you an officer of a corporation?" Consequently, on remand the Board of Review modified the decision to the Administrator, determining that the claimant did not fraudulently file for unemployment compensation benefits. The Board affirmed the finding of the reference that the claimant was unavailable for full time work and thus was ineligible for benefits during the weeks at issue. Hence the Board of Review reaffirmed the finding of overpayment and eliminated the penalty which would have resulted from a finding of fraud.
The operative facts found by the Board of Review are as follows. The claimant informed the investigator, in the interview of February 2, 1996 that he was working up to 100 hours per week at the restaurant of which he was an officer. A review of the interview report reflects that he was an officer in the business and worked as a cook and dishwasher. That he began working there "about four months ago." That "I don't work — I'm not getting CT Page 14784 paid."
The Board of Review further found that "the claimant only sought work at three or four places during the weeks at issue because he was too busy with his work at the deli and because he had decided to go back to school." Although the Court does not locate in the record the source of "three or four places" yet the Court does note that in his appeal of the referee's decision that the claimant states that when he is quoted as stating he was "too busy to participate in a training program" that he elaborated by stating "`too busy' meant that we were having a lot of personal problems."
The record is totally devoid of any information to indicate that the claimant made reasonable efforts to obtain work during the period in question. The claimant does not contend, in any of his claims in the administrative appeals process or in the appeal to the Court, that he furnished the administrator with any specific information or job search details to form a basis for a conclusion that he was in fact making reasonable efforts to obtain work during the time in question. He appears to take the position, in this appeal, that because the "100 hours per week" should only apply to January, and therefore, since the Administrator cannot prove that he was not making reasonable efforts prior to that month, he is entitled to benefits for those prior months.
The law is quite clear as concerns this appeal. General Statutes § 31-235(a) provides in part that "an unemployed individual shall be eligible to receive benefits with respect to any week if it has been found that . . . he is physically and mentally able to work and is available for work and has been making reasonable efforts to obtain work."
The claimant has the burden of proving that he is available for work and has been making reasonable efforts to obtain work.Samson v. Administrator, 29 Conn. Sup. 316 (1971); Blakeslee v.Administrator, Unemployment Compensation Act, 25 Conn. Sup. 290
(1964); DePatra v. Administrator Unemployment Compensation Act, Conn. Sup. 242, (1964); Lenz v. Administrator UnemploymentCompensation Act, 17 Conn. Sup. 315 (1951).
Regulations Section31-235-22, 23, 24, and 25 provide further guidance as to the fact that the claimant must make reasonable efforts to obtain work. CT Page 14785
The periodic forms requested of the claimant clearly articulate the necessity of the claimant's availability for work and the active seeking of full time work.
The placing of the burden of proof upon the claimant to demonstrate his compliance with these requirements is not only fair and just, but is in fact the only rational means to determine compliance with the statute. Otherwise the Administrator would have to assign an investigator to physically follow each and every claimant on a daily basis, which would be absurd. Further, to require a claimant to keep rudimentary notes as to his efforts to obtain employment, or to at least recall, identify, and articulate his specific efforts in some detail is of no burden whatsoever upon a claimant.
The determination of the Board of Review that the claimant made himself unavailable for full time work, and that he failed to make reasonable efforts during the weeks September 23, 1995 through January 27, 1996, is fully supported by the record.
The claimant's mistaken view that he was not employed because he was working in his own business, without compensation, may be a honestly held misunderstanding concerning the law as pertains to this subject. Nonetheless, such self employment under these circumstances causes him to be not available for full time work, as well as his failure to make reasonable efforts to obtain work, disqualified him from receiving unemployment compensation benefits. See Johnson v. Administrator Unemployment CompensationAct, 3 Conn. App. 264 (1985); Maskovsky v. High Brook Farm,7 Conn. Sup. 364 (1939).
Although the Board of Review, upon remand, has determined that these payments were not the result of fraud, yet it is clear that the claimant is subject to repayment of the funds mistakenly paid to him. General Statutes § 31-273(a) provides that any person who receives such payments through error shall be charged with repayment of the amount of such overpayments. The claimant is entitled to be afforded a hearing before the Administrator to determine whether he shall be charged to repay such sums, whether such repayment is to be waived or, if not, the establishment of a re-payment schedule. See General Statutes § 31-273(a)(A)(B)(C).
The Court is unaware of whether such hearings are automatically scheduled, and therefore would suggest that theCT Page 14786claimant contact the Administrator for these purposes, if so desired.
For the reasons set forth herein the Court affirms the decision of the Appeals Security Division Board of Review that the claimant has received unemployment compensation payments, to which he is not entitled, in the amount of $6,365.00. The Court dismisses the plaintif's appeal.
L. P. Sullivan, J.