VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      25-AP-214

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JANUARY TERM,   2026

James Leone\* v. Department of Labor    }    APPEALED FROM:
                                        }    Employment Security Board
                                        }    CASE NO. 02-25-025-01

In the above-entitled cause, the Clerk will enter:

Claimant appeals a decision of the Employment Security Board concluding that he was not eligible for unemployment benefits because he was not available for work. We affirm.

Claimant applied for unemployment benefits in November 2024. A claims adjudicator found claimant failed to meet the ability and availability requirements because claimant indicated that he was traveling in several states and would not be in any one state long enough to work and had failed to respond to requests for information. Claimant appealed to an administrative law judge (ALJ), and in his notice of appeal acknowledged that he was traveling to Ohio and Quebec in November and December 2024 and internationally in January to February. The Department sent a notice of a hearing to claimant's registered mailing address in Ohio. Claimant did not register for the hearing or call the Department, and therefore no hearing was held. Based on the written record, the ALJ found that claimant was not available for work because claimant was in Ohio for two periods of time in November and December 2024 and out of the country from January 22, 2025, to February 5, 2025. Claimant then appealed to the Board. On appeal, the Board affirmed, adopting the findings of the ALJ and concluding that claimant was not available for work because he was traveling and therefore was disqualified from receiving benefits for those periods.

On appeal, claimant argues that the Board erred in finding that he was not available to work. Claimant contends that although he was outside the state, he was prepared to return to work promptly if needed. He also contends that his absences were short-lived and were for legitimate reasons, including holidays and a preplanned vacation.

To receive unemployment benefits for a particular week, an individual must meet certain requirements, including being able and available for work. 21 V.S.A. § 1343(a)(3). The claimant bears the burden of establishing availability to work. Stoodley v. Dep't of Emp. Sec., 141 Vt. 457, 459 (1982). Availability to work is a factual question to be decided on a case-by-case basis. Id. "[U]nreasonable restrictions placed on availability will render a claimant unavailable for work." Donahue v. Dep't of Emp. Sec., 142 Vt. 351, 356 (1982).

The evidence supports the Board's finding that claimant did not meet his burden of demonstrating he was available.  See <u>Trombley v. Dep't of Emp. & Train.</u>, 146 Vt. 332, 334 (1985) (explaining that Board's findings will be upheld if supported by credible evidence, even if there is substantial evidence to contrary).  The evidence showed that claimant was visiting his partner in Quebec, family in Ohio, and vacationing internationally.  Although claimant asserts on appeal that he would have returned for work, because claimant did not attend the hearing before the ALJ, he did not present this as testimony to the ALJ, who as the trier of fact was entitled to assess the credibility of and persuasiveness of the evidence.  The record supports the Board's decision and therefore we affirm.

<u>Affirmed</u>.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Harold E. Eaton, Jr., Associate Justice


_____
Nancy J. Waples, Associate Justice