## Trabold Unemployment Compensation Case.

486

Argued March 14, 1960. Before RHODES, P. J., GUN-
THER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONT-
GOMERY, JJ.

·*Charles E. Trabold*, appellant, in propria persona,
submitted a brief.

*Sydney Reuben*, Assistant Attorney General, with
him *Anne X. Alpern*, Attorney General, for Unemploy-
ment Compensation Board of Review, appellee.

OPINION BY WATKINS, J., March 24, 1960:

This is an unemployment compensation case in
which the claimant, Charles E. Trabold, was denied
benefits because he failed to accept an offer of suitable
work without good cause under the provisions of Sec-
tion 402(a) of the Unemployment Compensation Law,
43 PS §802(a); that he was not available for work un-
der Section 401(d) of the law, 43 PS §801(d); and
that because of his failure to accept a referral for work
because of his intention to remain unemployed until
recalled by his former employer, his application for
benefits was invalid within the meaning of Section
401(c) of the law, 43 PS §801(c), as defined in Sec-
tion 4(w) of the law, 43 PS §753(w). The Bureau
of Employment Security, the Referee and the Board of
Review, all, so decided.

The findings of fact disclose that the claimant was
last employed as a tool and die maker by the Collman
Manufacturing Company, Erie, Pennsylvania. His last
day of work was November 18, 1958. On April 2, 1959,
the local employment office offered the claimant a re-
ferral to a possible job opportunity with the East Side
Machine Products, Erie, Pa., as a tool maker. He re-

ported for an interview. During the interview he informed the prospective employer that he would rather they would consider some other applicant because he would accept a recall to his last employment if it were offered to him. He also stated that he did not think he could do the work required.

These findings are supported by competent evidence and are binding on this Court. *Davis Unemployment Compensation Case,* 187 Pa. Superior Ct. 116, 144 A. 2d 452 (1958). We believe it is only necessary to discuss the refusal of benefits based on Section 402(a) of the law, 43 PS §802(a). The pertinent section of this act reads as follows: "An employe shall be ineligible for compensation for any week—(a) in which his unemployment is due to failure, without good cause, either to apply for suitable work at such time and in such manner as the department may prescribe, or to accept suitable work when offered to him by the employment office or by any employer. . . .".

The principal object of the Unemployment Compensation Law is to alleviate economic distress in individual cases and we have held that sound policy requires that a claimant, who refuses suitable employment, may remain eligible for benefits only where there is some justifiable and compelling reason for the refusal of work. *Suska Unemployment Compensation Case,* 166 Pa. Superior Ct. 293, 70 A. 2d 397 (1950).

This claimant had been unemployed from November 18, 1958 and it was on April 2, 1959 when he, in effect, refused the offer of employment. It should be noted that his former employment was that of tool and die maker but he seemed to discourage the possibility of obtaining the referred employment by stating that he did not think he could do the work required and that further, he would accept a recall from his former employer. He had no knowledge as to when this recall might take place and he was already unemployed since

November. Under these circumstances we do not believe that this claimant had a valid reason for refusing the referral and that his discussion with the prospective employer, that resulted in the denial of work, negatived his good faith in seeking a position. His attitude was indicative of a want of good faith and his failure to accept suitable work when offered, thereby rendered him ineligible for benefits. *Brilhart Unemployment Compensation Case,* 159 Pa. Superior Ct. 567, 569, 49 A. 2d 260 (1946) ; *Wojciechowski Unemployment Compensation Case,* 186 Pa. Superior Ct. 362, 142 A. 2d 756 (1958) ; *Raiskin Unemployment Compensation Case,* 186 Pa. Superior Ct. 37, 140 A. 2d 467 (1958).

We also agree with the board that this claimant, limiting his willingness to work only to a recall by his former employer so restricted his employability as to render him unavailable and detach him from the labor market, so making him ineligible for benefits under Section 401(d) of the Unemployment Compensation Law, 43 PS §801(d). *Pinto Unemployment Compensation Case,* 168 Pa. Superior Ct. 540, 79 A. 2d 802 (1951).

Decision affirmed.