## Sparano Unemployment Compensation Case.

Argued September 14, 1960. Before WRIGHT, WOOD-SIDE, ERVIN, WATKINS, and MONTGOMERY, JJ. (RHODES, P. J., and GUNTHER, J., absent).

*Dorothy Sparano,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WRIGHT, J., November 16, 1960:

Mrs. Dorothy Sparano was last employed as a sewing machine operator by Erwin Keller, 429 Arch Street, Philadelphia, Pennsylvania, at the rate of $1.10 per hour. She was laid off on June 29, 1959. Her application for benefits was disallowed by the Bureau of Employment Security, the Referee, and the Board of Review on the grounds (1) that she failed without good cause to accept suitable work, and (2) that she was not available for suitable work. See Sections 402-(a) and 401(d), respectively, of the Unemployment Compensation Law. Act of December 5, 1936 [1937] 2897, 43 P.S. 751 et seq. Claimant has now appealed to this court.

The record discloses that the local employment office offered appellant a referral to Tydee Lady, Philadelphia, as a sewing machine operator on a piece work basis to average a minimum of $1.25 per hour for a 40-hour week. Appellant refused to accept this re-

ferral for two reasons. First, she wanted to wait until recalled to work by her former employer. In this connection she made the following statement: "I prefer to wait until my former employer recalls me to work". There was no definite date of recall. Secondly, appellant took the position that she could not accept the referral because she was caring for her daughter who had become ill after giving birth to a child. In this connection appellant's statement was as follows: "I am not available for work. I have to take care of my daughter who is ill".

Although the principal objective of unemployment legislation is to alleviate economic distress in individual cases, sound policy requires that a claimant who refuses employment may remain eligible for benefits only where there is some necessitous and compelling reasons for the refusal of work: *Trabold Unemployment Compensation Case*, 191 Pa. Superior Ct. 485, 159 A. 2d 272. A claimant who seeks benefits must at all times be ready and willing to accept suitable employment, and must have substantial and reasonable grounds for refusing offered work: *Bentz Unemployment Compensation Case*, 190 Pa. Superior Ct. 582, 155 A. 2d 461. Under the circumstances in the instant case, we are clearly of the opinion that the Board properly ruled that appellant was disqualified under Section 402(a) of the statute.

We also find no error in the Board's disqualification of appellant under Section 401(d). Availability for work requires that a claimant be actually and currently attached to the labor force. See *Rabinowitz Unemployment Compensation Case*, 177 Pa. Superior Ct. 236, 110 A. 2d 792; *Stratton Unemployment Compensation Case*, 179 Pa. Superior Ct. 597, 117 A. 2d 807; *Gulbin Unemployment Compensation Case*, 191 Pa. Superior Ct. 646, 159 A. 2d 37.

Decision affirmed.