Rubin Unemployment Compensation Case.

Argued September 14, 1960. Before WRIGHT, WOOD-SIDE, ERVIN, WATKINS, and MONTGOMERY, JJ. (RHODES, P. J., and GUNTHER, J., absent).

*Allen Miles Ruben,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY ERVIN, J., November 16, 1960.:

This is another unemployment compensation case in which the claimant, a day student enrolled at Mc-Carrie School of Mechanical Dentistry, seeks to obtain unemployment compensation to assist him in obtaining an education.

Claimant had classes from 9:00 a.m. to 5:00 p.m., Monday through Thursday, and had paid his tuition in full for the term. The bureau, the referee and the board disallowed the claim. The case is ruled by *Lovich Unemployment Compensation Case,* 189 Pa. Superior Ct. 529, 151 A. 2d 647, and *Gulbin Unemployment Compensation Case,* 191 Pa. Superior Ct. 646, 159 A. 2d 37, and many other cases too numerous to cite.

Appellant argues that his case is distinguished from the above because of his allegation that there was a labor market for part time employment in the area in question (Philadelphia) that would correspond to the hours he was available for work. Unfortunately for appellant, he answered this argument in his "Summary of Interview" statement to the local employment office wherein he stated: "I have looked for work in newspapers but due to off season there were no jobs. . . ."

Since the appellant himself indicated that employment possibilities that would correspond to the hours he was available for work were practically nonexistent in his local labor market, during the claim period involved, he cannot be considered generally available for work. By placing a restriction or conditions upon his availability, appellant has so seriously limited his possibilities for employment as to render him "unavailable" within the meaning of §401(d) of the Unemployment Compensation Law, 43 PS §801(d), and, therefore, has detached himself from the active labor market.

Appellant's argument that his school curriculum is so flexible that he could shift from day to night classes, if he is referred to a daytime job, and therefore should be considered available for full time employment, is answered by Judge GUNTHER in the *Majoris Unemployment Compensation Case,* 192 Pa. Superior Ct. 269, 270, 271, 162 A. 2d 86, in the following language: "Assuming that claimant could change his school schedule to be available for a regular or ordinary day-time work shift, it does not follow that he would have been available for changing shifts which are so common today. Thus, in one week, claimant may be required to work a morning shift, and the following week, he may be required to work an afternoon or night shift."

We therefore hold that claimant was unavailable within the meaning of §401(d) of the law and must be deemed removed from the bona fide active labor market.

Decision affirmed.