## Barila Unemployment Compensation Case.

Argued April 13, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Emil W. Herman*, with him *Rothman, Gordon and Foreman*, for appellant.

*Sydney Reuben*, Assistant Attorney General, with him *Anne X. Alpern*, Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WATKINS, J., June 15, 1961:

This is an unemployment compensation case in which the Bureau of Employment Security held the claimant to be ineligible for benefits under the provisions of §404 of the Unemployment Compensation Law, 43 PS §804, on the ground that he had insufficient earnings in his base year.

The Bureau deleted all earnings of the claimant, while he was a full-time student, earned in temporary employment during periods of vacation. The referee,

on appeal, reversed the bureau and restored the deleted wages to the base year. The Unemployment Compensation Board of Review, on appeal, reversed the decision of the referee, deleted the questionable earnings and denied benefits.

This decision was vacated by the board itself and the case reopened, argued, and the entire record reviewed by the board en banc, after which the referee's decision was reversed and the claimant denied benefits.

The claimant, Francis R. Barila, was last employed as a millwright helper by the Pittsburgh Plate Glass Company, Creighton, Pennsylvania, on March 13, 1960. He had been so employed intermittently for approximately ten years. He applied for a leave of absence to attend college under the provisions of the GI bill of rights. He was enrolled as a full-time day student at Duquesne University and attended that college from February, 1956 to January 28, 1960. He had temporary employment with the Pittsburgh Plate Glass Company from June 1, 1958, to September 22, 1958 and from June 3, 1959 to September 22, 1959. These periods of employment were during college vacations.

An examination of §401 of the Unemployment Compensation Law, 43 PS §801 and §404 of the Unemployment Compensation Law, 43 PS §804, and the application of the benefit and wage formulae therein set forth, clearly demonstrates that whether this claimant is entitled to benefits is determined by the inclusion or deletion of the vacation wages.

The claimant's base year was from October 1, 1958 through September 30, 1959; it consisted of the fourth quarter of 1958, and the first, second and third quarters of 1959. The wages deleted were $109.09 in the fourth quarter of 1958; $203.12 in the second quarter of 1959 and $1411.65 in the third quarter of 1959.

Section 401 (a) (2) was added to section 401, supra, by amendment, 1959, December 17, P. L. 1893, §7, 43

PS §801(a)(2) and reads as follows: "Compensation shall be payable to any employe who is or becomes unemployed, and who—(a) Has, within his base year, been paid wages for employment equal to not less than thirty (30) times his weekly benefit rate: . . . and (2) wages earned by a full-time day student in temporary employment during holidays or periods of vacation, or in employment which is an integrated part of a co-operative educational curriculum, shall not be considered base year wages within the meaning of this subsection and section four hundred four of this act."

The effective date of this amendment was January 1, 1960, and applies to any claimant filing an application subsequent to that date. The claimant's last day of work was March 13, 1960 and his application for benefits had an effective date of March 14, 1960, so that he is bound by the requirements of the amendment even though the procedural measuring stick for determining base year earnings was for a period prior to the effective date of the act.

The claimant contends that he was a regular full-time employe of the Pittsburgh Plate Glass Company and was only on leave of absence to attend Duquesne University, so that his vacation wages were not earned in temporary employment but in employment as a full-time employee. His signed statement is as follows: "For 4 years from February 1956 through January, 1960, I was attending Duquesne University, Pittsburgh, Pennsylvania, Monday through Friday—full time school. I am an employee at Pittsburgh Plate Glass Company and during the period above I had been on a leave of absence from the Company. I only worked during the summer vacation." The board was clearly justified under this record in finding that the questioned wages of this claimant, who had admittedly been a full-time student for four years, earned in his college vacation periods, was the kind of temporary employment contemplated by the act.

We have held that "Making oneself available for work for short periods of time, under the circumstances of this case, is not sufficient to make the appellant genuinely attached to the labor market. . . . Certainly the legislature never intended to subsidize a college education by payments under the Unemployment Compensation Law." *Gulbin Unemployment Compensation Case,* 191 Pa. Superior Ct. 646, 649, 159 A. 2d 37 (1960). See also: *Collins Unemployment Compensation Case,* 191 Pa. Superior Ct. 273, 156 A. 2d 593 (1959); *Majoris Unemployment Compensation Case,* 192 Pa. Superior Ct. 269, 162 A. 2d 86 (1960); *DeMito Unemployment Compensation Case,* 193 Pa. Superior Ct. 201, 163 A. 2d 688 (1960); *Rubin Unemployment Compensation Case,* 193 Pa. Superior Ct. 604, 165 A. 2d 101 (1960); *Douty Unemployment Compensation Case,* 194 Pa. Superior Ct. 220, 166 A. 2d 65 (1960).

Evidently the legislature wanted to make its intention concerning student vacation employment to be crystal clear and the amendment of 1959 leaves no doubt that wages so earned by a full-time day student during periods of vacation is temporary employment and cannot be considered base year earnings. The fact that the vacation wages were earned in temporary employment is not changed by the fact that the employer-employee relationship continued in existence by a leave of absence.

Decision affirmed.

---

DISSENTING OPINION BY FLOOD, J.:

The key clause here is that "wages earned by a full-time day student in temporary employment during holidays or periods of vacation . . . shall not be considered base-year wages" under the act and the key word for the situation before us is the word "temporary" in that

clause. I would agree with the decision of the majority if this word did not appear in the act, since the wages in question were earned during a vacation period by a full-time day student. However, I do not agree that he was in temporary employment. He had been employed by the Pittsburgh Plate Glass Company continuously since 1949 and obtained a leave of absence to attend college under the provisions of the G.I. Bill of Rights. The leave of absence covered only the time of his actual attendance at college and he was to return to his work during vacation periods and to return full-time when he graduated, which he did. In my view his work during vacation periods was not temporary employment but part of his full-time employment between periods of leave of absence. If this interpretation is not correct, the word "temporary" in this clause of the act serves no purpose whatever and the clause would mean exactly the same thing if it were eliminated.

The majority opinion indicates that all vacation employment of full-time day students is by its very nature temporary. This makes the word "temporary" in the amendment wholly superfluous, and we must assume that the legislature must have inserted it gratuitously for unnecessary emphasis. It is a cardinal rule of construction that legislative prodigality of the verbal type is never presumed, and an interpretation giving any word of the legislature no meaning is to be avoided if there is any reasonable way to do so. I think we may be presuming if we conclude that the legislature, in inserting the word "temporary", could not have had in mind the situation before us, which apparently is representative of what may arise not infrequently in the interaction of union contracts with the G.I. Bill of Rights.