## Martinelli Unemployment Compensation Case.

Argued November 17, 1961. Before Ervin, Wright, Woodside, Watkins, Montgomery, and Flood, JJ. (Rhodes, P. J., absent).

*Rose K. Martinelli,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

Opinion by Wright, J., January 16, 1962:

Rose K. Martinelli was last employed by the Nor-Lee Company, Uniontown, Pennsylvania, as a sewing machine operator. Her final day of work was April 27, 1960, on which date she had a valid separation. On November 29, 1960, Mrs. Martinelli refused a referral to similar employment with the Gateway Manufacturing Company, Masontown, Pennsylvania. Her application for benefits was disallowed by the Bureau of Employment Security, the Referee, and the Board of Review on the ground that she had failed without good cause to accept suitable work, and was therefore disqualified under the provisions of Section 402(a) of the Unemployment Compensation Law. Act of December 5, 1936, P. L. [1937] 2897, 43 P.S. 751 et seq. This appeal followed.

The compensation authorities found on competent evidence that the proffered employment was suitable work at a comparable wage, that Masontown was within the Uniontown labor market area, and that claimant did not have good cause to refuse the referral. The position of claimant on this appeal is thus stated: "I refused to accept the work because I could not make out". She argues that, after paying a baby sitter, transportation charges, and income tax, "it would not be worth it for me to go to work". The record discloses that claimant "never worked outside of Uniontown", and was "waiting to be called back at Nor-Lee".

This appeal may be briefly disposed of by quoting the following statement from our opinion in *Sparano Unemployment Compensation Case,* 193 Pa. Superior Ct. 349, 165 A. 2d 131 (citations omitted): "Although the principal objective of unemployment legislation is to alleviate economic distress in individual cases, sound policy requires that a claimant who refuses employment may remain eligible for benefits only where there is some necessitous and compelling reasons for the refusal of work . . . A claimant who seeks benefits must at all times be ready and willing to accept suitable employment, and must have substantial and reasonable grounds for refusing offered work . . . Under the circumstances in the instant case, we are clearly of the opinion that the Board properly ruled that appellant was disqualified under Section 402(a) of the statute".

Decision affirmed.