Semanisin Unemployment Compensation Case.

304

Argued April 12, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Edward A. Fatula,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY WATKINS, J., June 13, 1962:

In this unemployment compensation appeal the Bureau of Employment Security, the Referee, and the Unemployment Compensation Board of Review, all concluded that the claimant was disqualified from receiving benefits under the provisions of §402(a) of the law, 43 PS §802(a).

The claimant, Mary Semanisin, was last employed by the Kennywood Park, Duquesne, Pennsylvania, as a cook, at $75 a week, on September 4, 1961. On Sep-

tember 13, 1961, the local employment office offered her a referral to suitable employment with the Vienna Baking Company, Duquesne, Pa., as a cook at $1.25 per hour. There was no question raised about salary. It was the prevailing rate. During her interview with the prospective employer she stated she was willing to accept the job for the winter but would return to work with her last employer in the spring, as a result of which, she was not hired.

She testified that she worked at Kennywood Park as a cook for the past fifteen summers; that she filed and received unemployment compensation benefits each winter; and this was the first referral she ever had.

The principal object of the unemployment compensation law is to alleviate economic distress in individual cases and to extend help to those unemployed through no fault of their own. Sound policy requires that a claimant, who refuses suitable employment, may remain eligible for benefits only where there is a necessitous and compelling reason for such refusal. *Suska Unemployment Compensation Case,* 166 Pa. Superior Ct. 293, 70 A. 2d 397 (1950). There can be no such cause that does not rest on good faith. *Dower Unemployment Compensation Case,* 179 Pa. Superior Ct. 201, 115 A. 2d 878 (1955).

In a long line of cases we have held that where a claimant so limits his willingness to work so that a proffered job is lost, good faith is negatived and he is ineligible for benefits under §402(a). In *Trabold Unemployment Compensation Case,* 191 Pa. Superior Ct. 485, 159 A. 2d 272 (1960), where the claimant's willingness to work was limited to a recall by a former employer and this limitation resulted in a loss of the proffered job, we held that he was ineligible under §402(a), in that his reason did not rest on good faith. See also: *Sparano Unemployment Compensation Case,* 193 Pa. Superior Ct. 349, 165 A. 2d 131 (1960); *Kifus Unem-*

ployment Compensation Case, 194 Pa. Superior Ct. 224, 166 A. 2d 83 (1960). In the *Trabold* case we also found that the claimant's limitation rendered him unavailable for work, and so made him ineligible for benefits under §401(d) of the law, 43 PS §801(d).

In *Pinto Unemployment Compensation Case*, 168 Pa. Superior Ct. 540, 79 A. 2d 802 (1951), where the claimant also limited her availability so as to go back to her former employer, this Court said, "Appellant was told that the prospective employer desired to hire 'a girl that will work steady'. . . . A claimant is required at all times to be ready, able, and willing to accept suitable employment, temporary or full time. . . . But one may render himself unavailable for work by conditions and limitations as to employment. Willingness to be employed conditionally does not necessarily meet the test of availability." See also: *Gulbin Unemployment Compensation Case*, 191 Pa. Superior Ct. 646, 159 A. 2d 37 (1960) ; *Baker Unemployment Compensation Case*, 193 Pa. Superior Ct. 460, 165 A. 2d 103 (1960).

In the *Gebaldo Unemployment Compensation Case*, 198 Pa. Superior Ct. 301, 182 A. 2d 89 (1962), we held that a claimant's conduct, who lost a job referral because of a pending interview for another job, and then failed to go back when the second interview proved fruitless "was not consistent with the genuine desire to work and be self-supporting by being ready and willing to accept suitable employment as provided by the law; and was not commensurate with the dictates of good faith without which there is no good cause for refusal of employment."

We might also point out the similarity in this case where the claimant worked for $75 a week during the summer season and then obtained $35 unemployment compensation for the winter, to the student cases where we held that summer work did not qualify them for

winter compensation by saying, "The legislature never intended to subsidize the expenses of education by making available the funds created under the Unemployment Compensation Law." *Majoris Unemployment Compensation Case,* 192 Pa. Superior Ct. 269, 162 A. 2d 86 (1960). Neither did the legislature intend to provide unemployment compensation for those who have seasonable employment in resort areas and then remove themselves from the labor market in the off season by limitation on their work availability to the winter months.

This claimant had been paid $75 to $85 weekly for approximately 18 weeks and collected unemployment compensation for 30 weeks at $35 per week, and during an employment period of 15 years had only one job referral. If entitled to benefits now, under the amended Act, she would be entitled to be paid $38 weekly for a period up to 35 weeks.

There must be hundreds of employees engaged in seasonal resort employment and if this is an example of a general practise then it represents an unjustifiable drain on the fund and should receive the prompt attention of the unemployment compensation authorities. This is especially true when, under the Pennsylvania Law, there is no requirement that the claimant make an independent search for work, which is a wise requirement in some other states.

We agree with the Unemployment Compensation Board that her failure to accept suitable work on a full-time basis because she wanted to return to her last employment negatived her good faith in seeking a position and made her ineligible for benefits under §402(a) ; and that she was further disqualified from benefits in that the Board, under the evidence in this case, might well have found her limitation of employment to the winter months made her unavailable for work under §401(d).

Decision affirmed.