# Friedman Unemployment Compensation Case.

Argued June 12, 1963. Before Rhodes, P. J., Ervin, Wright, Woodside, Watkins, Montgomery, and Flood, JJ.

*Myron Friedman,* appellant, in propria persona, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *Walter E. Alessandroni,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY MONTGOMERY, J., September 12, 1963:

Appellant, Myron Friedman, was held ineligible for unemployment compensation benefits by the Bureau of Employment Security under §402(a) of the Unemployment Compensation Act of December 5, 1936, P. L. (1937) 2897, as amended, 43 P.S. 802. On appeal by the claimant the referee reversed the bureau and held him eligible for the period August 17, 1962 to September 10, 1962. The board reversed the referee on a finding that he had unduly restricted his availability and held him ineligible under §401(d), 43 P.S. 801(d).

Appellant, age 20, was laid off from his employment at the Zamsky Photo Studios on June 30, 1962. He had been employed there for ten months.[1] On August 17, 1962, he refused a referral to a job as a stock clerk or general helper at a substantially higher wage than his prior employment. To justify his refusal he contends that he did not consider this a suitable job because of his prior training, experience, and expenditures for photographic equipment, and, since he had a definite date of recall to his former employment he did not think it fair to work for the new employer temporarily. The appellant was, in fact, recalled to his prior employment on September 10, 1962.

We are of the opinion that the appellant failed to meet the test of availability as required by §401(d).

Availability for work requires that a claimant be actually and currently attached to the labor force and is a question of fact to be determined by the Unemployment Compensation Board. By either refusing the re-

---

[1] The record shows that he was a lab worker, developed and processed prints, and assisted in making arrangements for and photographing large groups. His title was photographic helper.

ferral because of expected recall, or because he would not accept a position in any other field but the photographic field, the appellant made himself unavailable for suitable work and disqualified himself from receiving benefits. *Trabold Unemployment Compensation Case,* 191 Pa. Superior Ct. 485, 159 A. 2d 272; *Pinto Unemployment Compensation Case,* 168 Pa. Superior Ct. 540, 79 A. 2d 802.

The board properly rejected his contention that he was a professional photographer when, in fact, he admitted that it was his ambition to establish a career in photography and that he desired to return to his former employment because, "now I'm due for a raise, and I'm looking forward to learning more in the profession of photography." We have consistently held in the case of students who desire, commendably, to pursue their studies in school, that they are not generally attached to the labor force. *Wiley Unemployment Compensation Case,* 195 Pa. Superior Ct. 256, 171 A. 2d 810; *Douty Unemployment Compensation Case,* 194 Pa. Superior Ct. 220, 166 A. 2d 65; *Rubin Unemployment Compensation Case,* 193 Pa. Superior Ct. 604, 165 A. 2d 101. The appellant has placed a similar limitation on his availability so as to render him ineligible for benefits subsequent to his refusal of a proper job referral.

Decision affirmed.