Annette M. Trella, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

306

Argued September 11, 1973, before Judges CRUM-
LISH, JR., MENCER and BLATT, sitting as a panel of three.

*J. L. Lehman*, with him *Bell, Silberblatt & Swoope*,
for appellant.

*Sydney Reuben*, Assistant Attorney General, with
him *Israel Packel*, Attorney General, for appellee.

OPINION BY JUDGE BLATT, September 27, 1973:
On September 1, 1971, Annette M. Trella (claimant)
was separated from her job as a mounter with GTE

Sylvania in Altoona because of lack of work, and she immediately began receiving unemployment compensation benefits. On March 17, 1972, she was allegedly offered a job referral involving electronic assembly work with Shortway Products in Clearfeld, which is in the same labor market area, but she refused to accept this position. She based her refusal on her belief that she was to be recalled to her former employment, although she indicated no definite date expected for such recall. Because of this refusal, the claimant was disqualified by the Bureau of Employment Security (Bureau) from receiving any further benefits, and this disqualification was subsequently upheld by a referee and by the Unemployment Compensation Board of Review (Board).

Section 402(a) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, 43 P.S. §802(a), provides: "An employe shall be ineligible for compensation for any week—(a) in which his unemployment is due to failure, without good cause, either to apply for suitable work at such time and in such manner as the department may prescribe, or to accept suitable work when offered to him by the employment office or by any employer, irrespective of whether or not such work is in 'employment' as defined in this act. . . ."

It is clear that "[a] claimant who seeks benefits must at all times be ready and willing to accept suitable employment, and must have substantial and reasonable grounds for refusing offered work." *Reed Unemployment Compensation Case,* 182 Pa. Superior Ct. 428, 430, 128 A. 2d 112, 114 (1956). *See Kanouse v. Unemployment Compensation Board of Review,* 9 Pa. Commonwealth Ct. 188, 305 A. 2d 782 (1973); *Palmieri Unemployment Compensation Case,* 198 Pa. Superior Ct. 187, 181 A. 2d 864 (1962). It is also clear that refusing to accept referral to a job because of the ex-

pectation of possible recall to former employment is not an urgent or compelling reason for refusing a valid offer of suitable employment and is sufficient to disqualify a claimant for unemployment benefits. *Kifus Unemployment Compensation Case*, 194 Pa. Superior Ct. 224, 166 A. 2d 83 (1960); *Sparano Unemployment Compensation Case*, 193 Pa. Superior Ct. 349, 165 A. 2d 131 (1960); *Trabold Unemployment Compensation Case*, 191 Pa. Superior Ct. 485, 159 A. 2d 272 (1960); *Jones Unemployment Compensation Case*, 188 Pa. Superior Ct. 545, 149 A. 2d 654 (1959). In fact, the announced intention of a claimant to await and accept recall to former employment has been held to limit employability so as to render a claimant unavailable for the labor market in violation of Section 401(d) of the Unemployment Compensation Law, 43 P.S. §801(d). *Friedman Unemployment Compensation Case*, 201 Pa. Superior Ct. 640, 193 A. 2d 676 (1963); *Maribello Unemployment Compensation Case*, 200 Pa. Superior Ct. 330, 188 A. 2d 861 (1963); *Gavlick Unemployment Compensation Case*, 197 Pa. Superior Ct. 621, 179 A. 2d 926 (1962).

It seems clear that, if the claimant here refused the referral to suitable work because she expected a recall to former employment, she was properly disqualified from receiving further benefits. She contends, however, that she was not in fact referred to the employment in question because she never received the usual post card notice or any other writing in reference to the referral. We cannot agree.

The testimony of the Bureau's representative is clear that she referred the claimant to the job at Shortway Products during a telephone conversation on March 17, 1972, but that the claimant refused the referral. The claimant's own testimony indicates that she did have actual notice, through her telephone conversation with the Bureau's representative, that work was

available for her at Shortway Products. Her own testimony also indicates that she expected recall to GTE Sylvania and was not interested in any other employment, including the job at Shortway Products. The record further reveals that the Bureau was prepared to send out the usual post card notice, but refrained from mailing it, believing that it would be futile to do so in view of the claimant's response during her telephone conversation with the Bureau's representative. Preferable as a written notice may be, it is obviously impossible in some cases where speedy action is required, and it is clearly not requisite in a case such as this where there has been a definite verbal refusal.

Moreover, the referee found as a fact that the claimant received a referral to the job in question and also that she failed to accept this referral because of her desire to await recall by her former employer, and it is well established that we must affirm a finding of the Board or of a referee, as the case may be, if such is supported by substantial evidence and absent an error of law or showing of fraud. *General Motors Corporation Unemployment Compensation Cases*, 9 Pa. Commonwealth Ct. 221, 306 A. 2d 399 (1973) ; *United States Steel Corporation v. Unemployment Compensation Board of Review*, 9 Pa. Commonwealth Ct. 206, 303 A. 2d 852 (1973). There was such substantial evidence here, even in the claimant's own testimony, and no error of law or claim of fraud has been made.

We believe that the evidence supports the findings of the referee, which were approved by the Board, that the claimant received a referral to a suitable job and declined it because of an expected recall by her old employer. On that basis, the Board was clearly justified in discontinuing benefits.

For the above reasons, therefore, we issue the following :

**ORDER**

Now, September 27, 1973, the Order of the Unemployment Compensation Board of Review as to the claim of Annette M. Trella is affirmed.