Jan P. Kornaski, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued July 31, 1974, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Frank E. Garrigan,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, September 3, 1974:

Jan P. Kornaski, who is twenty years old, was laid off from his employment on July 6, 1973. He was paid unemployment compensation until about October 11, 1973, on which date the Bureau of Employment Security determined that he was ineligible for further benefits by reason of his failure to report to a prospective employer to whom the Bureau had referred him.

Kornaski was given a referral on October 5, 1973 to Ansel Supply Company, located about two miles from his home. He did not appear for the job interview, later assigning as the reason for his failure to appear a lack of transportation.

Kornaski did, however, appear at Ansel's place of business on October 12, 1973. The employer produced an ordinary tape measure used in its business of assembling metal sashes, doors and windows. Kornaski, a graduate in auto mechanics of a vocational high school, told his prospective employer that he could not read the tape measure and he did not get the job.

At the time of the job referral, Kornaski's motor vehicle operating privileges were under suspension for reasons not disclosed in the record, and his license was

thereafter revoked until October 1974 by reason of his conviction of the offense of driving while intoxicated.

We find in the record a questionnaire dated September 27, 1973, on which the following appears over Kornaski's signature:

"At the present time I am *not* available for work because my car is in a garage for repairs and also, I've lost my driver's license for a period of two months, and this time won't be up until the end of October.

"On September 24 I was called in about a job in Shamokin, but I turned it down because of no transportation. I think it is too inconvenient to take a bus." (Emphasis in original).

Shamokin is about ten miles from Mt. Carmel.

On October 11, 1973, Kornaski subscribed the following statement:

"On October 5 I accepted a referral to Ansel Supply Co., Mt. Carmel, for work as a general laborer.

"I was supposed to go out there between 1:00 and 3:00 p.m. that day for an interview, but I had no ride to the plant, so I couldn't make it.

"I have not gone to the plant any day yet this week because I haven't had a ride.

"I did not get my driver's license back yet—I am supposed to get it at the end of October.

"I would take a job if I could get a ride to a plant.

"At present, I am available for work right in the Borough where I could walk to a job."

A referee and the Unemployment Compensation Board of Review determined that Kornaski's actions with reference to the referral rendered him ineligible for compensation under Section 402(a) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended*, 43 P.S. §802(a), which declares an employe ineligible for any week "[i]n which his unemployment is due to failure, without good cause, either to apply for suit-

able work at such time and in such manner as the department may prescribe, or to accept suitable work when offered. . . ." The compensation authorities also concluded that Kornaski was unavailable for suitable work, a prerequisite to eligibility generally by Section 401(d) of the Law, 43 P.S. §801(d).

The appellant's principal argument is based on his assertion that the compensation authorities determined that he was unavailable under Section 401(d) only because of the loss of his driving privileges. The loss of driving privileges, he contends, is not a ground for the denial of unemployment compensation. While we may agree with this proposition as stated, we believe that it is without pertinency here. The record amply supports the conclusion that the appellant down to the time of the hearing was simply unwilling to accept employment except in the Borough of Mt. Carmel until he could drive a motor vehicle to work. Our case of *Zysk v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 409, 316 A. 2d 663 (1974), where we upheld the denial of compensation to a claimant who refused a referral because available public transportation was not in his opinion convenient, is authority for the order below insofar as it relates to Section 402(a). *Sparano Unemployment Compensation Case,* 193 Pa. Superior Ct. 349, 165 A. 2d 131 (1960), where the Superior Court held that one who refused a referral because she desired to await recall to a former job and in the meantime to care for her child at home was not realistically attached to the labor force, is authority for the claimant's disqualification under Section 401(d).

### ORDER

AND Now, this 3rd day of September, 1974, the order of the Unemployment Compensation Board of Review affirming the referee's determination is affirmed.