# Norman Carr, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

634

Argued February 6, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR. and MENCER, sitting as a panel of three.

*Harold I. Goodman,* with him *Laurence M. Lavin,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY PRESIDENT JUDGE BOWMAN, March 14, 1975:

Claimant, Norman Carr, had been employed as a cutting machine operator for approximately one year prior to May 11, 1973, although during that time he was subject to frequent layoffs. After the May 11, 1973 layoff, claimant enrolled in an automotive repair vocational

training program conducted by Opportunities Industrialization Center, Inc. (OIC). This training lasted almost five months and required regular class attendance five days a week from 9:00 a.m. to 4:00 p.m.

On August 12, 1973, while still in training at OIC, claimant filed an application for unemployment compensation benefits. Thereafter on September 13, 1973, the local Bureau of Employment Security disallowed claimant's application for benefits because he was "attending school full-time during the day." On appeal, the referee, on October 15, 1973, affirmed the Bureau's determination of ineligibility in that claimant was not genuinely and realistically attached to the labor market and not available for work and, therefore, did not comply with Section 401(d) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended*, 43 P.S. §801(d) (Supp. 1974-1975).

Claimant then requested and was granted a further hearing to show that he was "in training with the approval of the secretary" and, therefore, not disqualified from receiving benefits under Section 401(d)(1), 43 P. S. §801(d)(1). After the further hearing, the Unemployment Compensation Board of Review affirmed the earlier October 15, 1973 decision of the referee. This appeal followed.

The law is clear that a full-time student normally is not considered to be realistically and genuinely attached to the labor force and ineligible for unemployment compensation benefits. *Woodley v. Unemployment Compensation Board of Review,* 13 Pa. Commonwealth Ct. 8, 317 A. 2d 897 (1974); *Ruben Unemployment Compensation Case,* 193 Pa. Superior Ct. 604, 165 A. 2d 101 (1960); *Majoris Unemployment Compensation Case,* 192 Pa. Superior Ct. 269, 162 A. 2d 86 (1960). However, claimant here argues that his training program is covered under Section 401(d)(1), 43 P. S. §801(d)(1), as "training with the approval of the secretary," and since he is other-

wise qualified for benefits, he was improperly denied benefits based on Section 401 (d).

It is significant that there is no evidence on this record to indicate whether anyone ever considered if the claimant, in his particular training program, had the approval contemplated in the statute. In his summary of interview form, claimant indicated that he was unavailable for work because he was "attending OIC." The Bureau at that time made no determination of whether the claimant's OIC training was approved.[1]

On appeal, the evidence presented at the further hearing ordered by the Board dealt mainly with the issue of whether the claimant's training was or should have been approved by the Bureau. But instead of remanding to the Bureau to complete the record and determine if claimant's training was approved, the Board affirmed the original referee's decision denying compensation. This procedure was improper.

It is the Bureau that must, in the first instance, determine the approved or non-approved status of claimant in his training program. Since this was not done in the instant case, we must remand to the Board for the purpose of having the Bureau determine whether this claimant, in his particular training program, had the approval necessary to allow compensation pursuant to Section 401 (d) (1).

Accordingly, we enter the following

### ORDER

NOW, March 14, 1975, this record is remanded to the Unemployment Compensation Board of Review for further proceedings consistent with this opinion.

---

1. It would appear that the proper procedure would have been to have the Bureau complete Form UC-478, Request for Training or Retraining Information, and determine if the claimant's training program met the established considerations for approval.